UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| OSMAN MOHAMED ABDULLAHI, Petitioner, | § § § | |
| v. | § § | Case No. 1:17-cv-068 |
| CRAIG A. LOWE, Respondent. | § § § | |

# MAGISTRATE JUDGE'S
# REPORT AND RECOMMENDATION

Before the Court is Petitioner Osman Mohamed Abdullahi's pro se "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (hereinafter, Abdullahi's "§ 2241 Petition"). Dkt. No. 10. For the reasons stated herein, it is recommended that the Petition be **DISMISSED.**

## I.  Background

On March 20, 2017, Abdullahi filed a "Motion for Transfer of Venue Under 28 U.S.C. 1404(A)." Dkt. No. 1. On March 23, 2017, the Court notified Abdullahi that it would construe his filing as a request for relief pursuant to 28 U.S.C. § 2241 if he supplemented his original filing through the use of a § 2241 petition form. *See* Dkt. No. 4. On April 24, 2017, Abdullahi filed his instant § 2241 Petition, as instructed, which appears to allege two distinct claims.[1] *See* Dkt. No. 10 at 7-8. First,

---

[1] Abdullahi has three claims listed in his Petition. *See* Dkt. No. 10 at 7-8. Claim 2 and 3 appear to actually support claim 1. *See id.* Above claim 1, in response to question 12(g) "issues raised," Abdullahi clearly states that he seeks relief stemming from an alleged failure to abide by a court order. *Id.* at 7. The Court construes this claim as separate from claim 1. Therefore, the Court construes his Petition to contain two distinct claims.

Abdullahi appears to allege that Immigration and Custom Enforcement (ICE) refuses to abide by a court order issued by Judge James M. Munley of the United States District Court for the Middle District of Pennsylvania, which allegedly released Abdullahi during the pendency of removal proceedings. *Id.* at 7. Second, Abdullahi appears to allege that his continued detention violates the law and the Supreme Court's holding in *Zadvydas v. Davis* (533 U.S. 678 (2001)). *Id.* at 8.

## II.    Legal Standards

A court has the power to dismiss a complaint sua sponte under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999); *Kidd v. Southwest Airlines, Co.*, 891 F.2d 540, 546 (5th Cir. 1990); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005); *First Gibraltar Bank, FSB v. Smith*, 62 F.3d 133, 135 (5th Cir. 1995); FED. R. CIV. P. 12(b)(1), (b)(6). In deciding whether to dismiss a complaint pursuant to Rule 12(b)(1), a court may view: "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. Heeremac V.O.F.*, 241 F.3d 420, 424 (5th Cir. 2001). While Rule 12(b)(1) accepts the factual allegations in the plaintiff's complaint as true, the plaintiff bears the burden of proof that jurisdiction exists under 12(b)(1). *Id.*; *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In order to survive dismissal under 12(b)(1), a complaint must still contain sufficient factual matter that states a claim to relief that is "'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Legal conclusions that are "naked assertions devoid of further factual enhancement" or "formulaic recitation of [a claim's] elements" are not enough. *Id.* Instead, factual allegations are facially plausible when they allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* However, when factual allegations are intertwined with the merits, i.e. where the allegations shed light on both the basis of federal court subject matter jurisdiction and the cause of action, a court should not dismiss the claims unless they are "immaterial or wholly insubstantial and frivolous." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). Finally, courts must consider a jurisdictional attack under Rule 12(b)(1) prior to considering other grounds of dismissal. *Id.*

### III. Discussion

Challenges to a Court's jurisdiction to hear a case are to be decided prior to consideration of other grounds.

**A. Whether the Court has Jurisdiction to Hear the Claims**

At the most basic level, civil jurisdiction is conferred to the federal courts through two main avenues: "diversity" and "federal question" jurisdiction. Diversity jurisdiction arises from all claims in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and there is "complete diversity"

between the parties. *See* 28 U.S.C. § 1332. Federal question jurisdiction arises from the Constitution, or the laws and treaties of the United States. *See* 28 U.S.C. § 1331. A court may dismiss a cause of action for lack of federal question jurisdiction when the claim is "'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). Stated differently, a plaintiff properly invokes federal question jurisdiction by pleading a colorable claim "arising under" the Constitution or the laws of the United States. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). By alleging claims under 28 U.S.C. § 2241, Abdullahi has presented the Court with federal question jurisdiction. *See* Dkt. No. 10; 28 U.S.C. § 2241. A § 2241 petition, however, may only be filed in specific places; where the prisoner is incarcerated or where judgment was entered. *See* 28 U.S.C. § 2241(d).

In his § 2241 Petition, Abdullahi lists "Port Isabel Detention Center" as his address. *See* Dkt. No. 10 at 2. Abdullahi filed his § 2241 Petition, however, from the South Texas Detention Center, which is located in Pearsall, Texas. *Id.* at 13. Pearsall is located in Frio County, Texas, and is within the geographical jurisdiction of the Western District of Texas. 28 U.S.C. 124(d)(4). Therefore, as Abdullahi filed his § 2241 Petition while detained at the South Texas Detention Center, and the underlying actions alleged by him did not occur within the Southern District of Texas, the Court does not have jurisdiction to hear Abdullahi's claims. *See Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000); *Thu Cong Nguyen v.*

*INS*, 1992 U.S. Dist. LEXIS 4547 *2 (E.D. La. Apr. 2, 1992) ("The proceedings that have resulted in Nguyen's detention apparently occurred in Oakdale, Louisiana. More importantly, the INS presently detains him in Oakdale, Louisiana. His person (over which habeas corpus jurisdiction exists), therefore, is not held within this district nor did the proceedings of which he complains apparently take place here.").

### a. Abdullahi's Failure to Abide by the Order to Show Cause

Rule 41 of the Federal Rules of Civil Procedure states that, if a plaintiff fails to comply with a court order, dismissal of the action is proper, and that the dismissal acts as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b). Despite Rule 41(b) contemplating dismissal upon defendant's motion, a court has the power to dismiss sua sponte. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991); *McNeal v. Papasan*, 842 F.2d 787, 789 (5th Cir. 1988) (under Rule 41, a district court may decide whether dismissal is appropriate sua sponte, and the decision will be upheld unless the decision was an abuse of discretion).

The Court became aware that Abudllahi may not have filed his § 2241 Petition while in the Port Isabel Detention Center, which is located within the Southern District of Texas. *See* Dkt. No. 10 at 1, 13. The facility from which Abdullahi appears to have filed his § 2241 Petition is located in Pearsall, Texas, which is not within the Court's jurisdiction. *Id.* at 13; 28 U.S.C. 124(d)(4). The Court then issued an Order to Show Cause ordering Abudllahi to show cause as to why his claims should not be dismissed or transferred. *See* Dkt. No. 11. The Court ordered that the Order be sent to the addresses of both the Pearsall and Los

Fresnos detention facilities. *See* Dkt. Nos. 11, 12. A certified mail receipt was returned as undeliverable, and Abdullahi's deadline to show cause has lapsed. *See* Dkt. Nos. 14-16. Therefore, as Abdullahi has not updated his address, has failed to show cause as to why his § 2241 Petition should not be dismissed or transferred, or has otherwise failed to respond to the Court's Order to Show Cause, Abdullahi's claims should be dismissed pursuant to Rule 41(b).

**b. Abdullahi's Claims Lack Merit**

The above discussion notwithstanding, Abdullahi's claims do not have merit and should be dismissed. As previously highlighted, Abdullahi's § 2241 Petition has essentially two claims. First, Abdullahi appears to allege that ICE refuses to abide by a court order issued by Judge Munley that Abdullahi claims ordered his release during the pendency of his removal proceedings. Dkt. No. 10 at 7. This claim fails because the court order Abdullahi identifies ordered that Abdullahi's § 2241 Petition be denied without prejudice, and that it be construed by ICE as a request for relief under 8 C.F.R. §§ 241.4 and 241.13, which delineates the standards and regulations for continued detention prior to removal. *See* Dkt. No. 10 at 11. The order also states that ICE shall provide Abdullahi with a response to the construed request within thirty days. *Id.* Accordingly, Abdullahi's first claim lacks merit.

Second, Abdullahi appears to allege that his continued detention violates the law and the Supreme Court's holding in *Zadvydas v. Davis* (533 U.S. 678 (2001)). *Id.* at 8. In *Zadvydas*, the Supreme Court held that after an order of removal is issued, there was a presumptive six-month constitutional period of detention prior

to removal. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). "After this [six] month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* The Supreme Court further stated that, after this six-month period, release was not mandatory; instead, continued confinement may occur until it is determined that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* As ordered by Judge Munley, ICE responded to Abdullahi's request for release under 8 C.F.R. §§ 241.4 and 241.13. *See* Dkt. No. 10-1 at 25. In their response, ICE stated that removal would occur once the government of Somalia secured a travel document for Abdullahi's removal. *Id.* While the response acknowledged Abdullahi's claimed relative, ICE determined that the alleged cousin's affidavit did not establish that Abdullahi had sufficient ties to the community that would allow it to determine that Abdullahi was not a flight risk. *Id.* This determination was not made until 95 days after the initial six-month post removal order assessment, and Abdullahi has since been deported, indicating that removal was indeed an eventuality. *See* Dkt. No. 16 (indicating that Abdullahi has since been removed from the United States). Therefore, Abdullahi's second claim lacks merit.[2]

### IV. Recommendation

It is recommended that Abdullahi's § 2241 Petition be **DISMISSED** with prejudice.

---

[2] In any event, the claim appears to be moot as Abdullahi has been removed from the United States.

## V. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 14th of August, 2017.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**